UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILOS KLVANA,<br><br>            Petitioner,<br>vs.<br><br>STATE OF CALIFORNIA,<br><br>            Respondent. | Case No. CV 10-2452-JVS(RC)<br><br>OPINION AND ORDER ON A<br>PETITION FOR HABEAS CORPUS<br>AND ORDER DENYING CERTIFICATE<br>OF APPEALABILITY |

On March 26, 2010, petitioner Milos Klvana, a person in state custody proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California, challenging his 1989 convictions and sentence in Los Angeles County Superior Court on nine counts of second degree murder.[1] Petition at 1. The petition was transferred to this Court on April 5, 2010.

**BACKGROUND**

This Court, pursuant to Federal Rule of Evidence 201, takes sua

---

[1] The murders arose from petitioner's actions as the treating physician for nine deliveries in which the infants were either stillborn or died soon after birth. People v. Klvana, 11 Cal. App. 4th 1679, 15 Cal. Rptr. 2d 519 (1992).

sponte judicial notice of the records in three prior federal habeas corpus actions brought by petitioner: (1) Klvana v. State of California, case no. CV 93-0780-RMT(SH) ("Klvana I"), which was dismissed without prejudice; (2) Klvana v. State of California, case no. CV-94-0863-RMT(RMC) ("Klvana II"), which was denied on the merits on December 19, 1995,[2] see Klvana v. California, 911 F. Supp. 1288 (C.D. Cal. 1995); and (3) Klvana v. State of California, case no. CV 95-7224-RMT(RMC) ("Klvana III"), which was dismissed on June 3, 1996, as an abuse of the writ.

**DISCUSSION**

The instant petition is governed by Section 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("the Act"), which provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

"Section 2244(b)(3)(A) 'is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition [. . .] unless the court of appeals has given approval for the filing.'" In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)), cert. denied, 528 U.S. 1162 (2000); see also Cooper v.

---

[2] The petitioner appealed to the Ninth Circuit Court of Appeals; however, the appellate court denied petitioner's request for a certificate of probable cause.

1  Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)("When the AEDPA is in
2  play, the district court may not, in the absence of proper
3  authorization from the court of appeals, consider a second or
4  successive habeas application." (quoting Libby v. Magnusson, 177 F.3d
5  43, 46 (1st Cir. 1999)).

7  The instant petition is a successive petition challenging
8  petitioner's 1989 convictions. The Act "creates a 'gatekeeping'
9  mechanism for the consideration of second or successive applications
10 in district court." Felker v. Turpin, 518 U.S. 651, 657, 116 S. Ct.
11 2333, 2339, 135 L. Ed. 2d 827 (1996); Stewart v. Martinez-Villareal,
12 523 U.S. 637, 641, 118 S. Ct. 1618, 1620, 140 L. Ed. 2d 849 (1998).
13 Under this procedure, "[a]n individual seeking to file a 'second or
14 successive' application must move in the appropriate court of appeals
15 for an order directing the district court to consider his
16 application." Martinez-Villareal, 523 U.S. at 641, 118 S. Ct. at
17 1620. Here, it plainly appears on the face of the petition that
18 petitioner has not received authorization from the Ninth Circuit Court
19 of Appeals for the instant petition to be brought. This Court, thus,
20 must dismiss the instant habeas corpus petition as a successive
21 petition for which it lacks subject matter jurisdiction under 28
22 U.S.C. § 2244(b)(3).

24 Rule 4 of the Rules Governing Section 2254 Cases in the United
25 States Courts provides that "[i]f it plainly appears from the face of
26 the petition and any attached exhibits that the petitioner is not
27 entitled to relief in the district court, the judge must dismiss the
28 petition and direct the clerk to notify the petitioner." Thus,

1  summary dismissal of the pending successive petition is warranted.

3  Additionally, the Court finds that an appeal from this Opinion and Order would not be taken in good faith, and that petitioner has not made a substantial showing that he has been denied a constitutional right and that this Court is not correct in its procedural ruling, for the reasons set forth herein, and accordingly, a certificate of appealability should not issue under 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b). Slack v. McDaniel, 529 U.S. 473, 483, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000); Cooper v. Calderon, 308 F.3d 1020, 1021-22, n.2 (9th Cir. 2002), cert. denied, 123 S. Ct. 1793 (2003).

**ORDER**

**IT IS HEREBY ORDERED** that Judgment be entered SUMMARILY DISMISSING the habeas petition and action for lack of subject matter jurisdiction.[3]

**IT IS FURTHER ORDERED** that a Certificate of Appealability be DENIED.

DATE:   April 7, 2010  
　　　　　　　　　　　　　　　　　　JAMES V. SELNA  
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

PRESENTED BY:  
DATE:  April 6, 2010

 /S/  ROSALYN M. CHAPMAN  
        ROSALYN M. CHAPMAN  
UNITED STATES MAGISTRATE JUDGE

---

[3] In light of this dismissal, petitioner's request for appointment of counsel is denied.

R&R-MDO\10-2452.mdo  
4/6/10